UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                      Chapter 11

RAPI, INC. d/b/a BRIOSO RISTORANTE,                         Case No.

                                    Debtor.
------------------------------------------------------------x

## DECLARATION OF PIETRO DIMAGGIO PURSUANT
## TO LOCAL BANKRUPTCY RULE 1007-4

        Pietro DiMaggio declares the following under penalties of perjury pursuant to 28

U.S.C. §1967:

    1.    I am an officer, director and fifty (50%) percent shareholder of Rapi, Inc. d/b/a

Brioso Restaurant (the "Debtor"), and as such, I am fully familiar with the facts and circumstances

set forth herein. I respectfully submit this Declaration pursuant to the Local Rules in support of

the filing of a small business Chapter 11 case (Subchapter V) on behalf of the Debtor. The purpose

of this Declaration is to provide the Court and creditors with an overview of the Debtor's restaurant

business, the events precipitating the need for Chapter 11 relief, and the Debtor's overall

reorganization strategy.

**Events Leading up to the Chapter 11 Filing**

    2.    The Debtor operates a well-regarded Italian restaurant on Staten Island and

qualifies as a small business within the meaning of 11 U.S.C. § 101(51D). While the restaurant

was able to survive the Covid-19 restrictions, it currently finds itself in financial and legal turmoil

due to the debilitating impact of a federal Wage and Hour lawsuit filed in 2020 that does not appear

susceptible to a prompt or reasonable resolution.

    3.    This lawsuit is threatening the restaurant's long-term viability due to mounting

legal costs and expenses, and the uncertainty of protracted litigation. The plaintiffs, numbering

about a dozen in total, are former employees (the "<u>Plaintiffs</u>") including wait-staff, busboys and dishwashers, who have asserted claims primarily for unpaid wages and overtime. The Plaintiffs are all represented by the same law-firm (Gladstein Reif & Meginniss LLP).

4.    The restaurant has operated successfully for 24 years, first opening in 1998, and prides itself on treating its employees fairly. However, standards in the restaurant industry have evolved over the years. While the Debtor has modernized its payroll practices, there were times when record keeping was not as formal. Wages were typically calculated based upon weekly shifts, which varied in duration depending on several factors. These payroll methods were not unique to the Debtor's restaurant, but the Debtor became vulnerable to a Wage and Hour lawsuit. Exacerbating matters, the Plaintiffs are pursuing highly exaggerated claims against the Debtor, which has driven up the costs of defense exponentially.

5.    The lawsuit has been pending since 2020 without an end in sight due in large measure to Plaintiffs' irrational initial demands of more than $12 million. This effectively equates to about eight to ten years of total annual revenue generated by the restaurant and is grossly disproportionate to any provable claim. That such outrageous demands were made to start demonstrates that the Plaintiffs appear intent on attempting to put the restaurant out of business.

6.    Moreover, the costs of litigation are insufferable. The Debtor has already expended significant sums in legal fees of more than $130,000 and simply cannot afford ongoing bills of another $160,000. Before commencing this Chapter 11 case, the Debtor forwarded a draft bankruptcy petition to Plaintiffs' counsel in a final effort to engage in a realistic discussion. Unfortunately, a large impasse remains, leaving the Debtor with no alternative except to seek Chapter 11 relief at this time.

## Reorganization Strategy

7.    The Debtor has strong defenses to the amounts sought in the Wage and Hour litigation. Bankruptcy provides a unique opportunity to address all disputed claims in a transparent and cost-efficient fashion that allows the restaurant to continue to operate and remain a source of employment for 13 employees.

8.    The Debtor still remains committed to attempting to pursue realistic settlement negotiations as part of the bankruptcy case and will use the claims objection process to fix the outstanding liabilities as a means to renew discussions.

9.    Once the claims are either settled or fixed by the Bankruptcy Court, the Debtor will be in a position to confirm a plan of reorganization. The Debtor intends to proceed within the statutory timeline under Subchapter V for the filing of a plan and will move promptly in bankruptcy to obtain a resolution of the claims. Moreover, Subchapter V offers the Debtor the opportunity to confirm a plan without the consent of the Plaintiffs based upon certain unique features of the new statute.

## The Debtor's Corporate Structure and Business

10.    The Debtor is a New York corporation formed in December 1997 to operate the restaurant. The Debtor is equally owned by Raffaele DiMaggio and Pietro DiMaggio (brothers), who are each fifty percent shareholders, officers, and directors. Pietro DiMaggio works at the restaurant on a full-time basis, spending between five and seven days a week in developing a family-oriented environment specializing in serving Italian food that is welcoming to both customers and staff alike.

11.    Pietro DiMaggio is an immigrant from Italy who has worked tirelessly to build the Debtor's business from the ground up. The Debtor seats 90 people and currently generates

monthly revenues of approximately $100,000 in sales. Copies of the two most recent corporate tax returns are attached. Prior to Covid-19 (2019), the Debtor's sales volume was approximately $1.5 million per year and business has returned to those levels or better as per the attached first-quarter (2022) profit and loss statement.

12.     The Debtor currently employs thirteen (13) individuals with weekly payroll of approximately $13,500, including officer payroll of $3,000 per week.

### Capital Structure

13.     The Debtor has no conventional secured debt owed to lenders. Historically, the Debtor incurred certain pre-petition tax obligations owed to the IRS; New York State and the City of New York. Most of these taxes are subject to installment payment plans and have been scheduled by the Debtor as contingent priority tax claims.

14.     Following the start of the pandemic, the Debtor obtained certain Covid relief loans from the Small Business Administration ("SBA") in the total principal amount of $455,000. While it is anticipated that the loans will be forgiven in whole or part, JPMorgan Chase Bank is listed as a contingent creditor on the Debtor's bankruptcy schedules. The SBA and the IRS are the only creditors which filed UCC-1 financing statements against the Debtor's personal property.

15.     The Debtor operates as a month-to-month tenant from the premises located at 174 New Dorp Lane, Staten Island, NY. This property is owned by an affiliate known as 174 New Dorp Lane Realty Inc. (the "Landlord").

### Additional Local Rule 1007-4 Subchapter V Disclosures

16.     Pursuant to Local Rule 1007-4(a)(iv) and (v), no committees were formed prior to the filing of the Petition.

17.    Pursuant to Local Rule 1007-4(a)(vi and viii), in lieu of a balance sheet, a full set of schedules and statements are being filed simultaneously herewith, including the names and addresses of all creditors.

18.    Pursuant to Local Rule 1007-4(a)(x), none of the Debtor's assets are in the possession or custody of any custodian, public officer, mortgagee, pledge, assignee of rents or secured creditor.

19.    Pursuant to Local Rule 1007-4(a)(xi), the Debtor does not own any real estate.

20.    Pursuant to Local Rule 1007-4(a)(xii), the Debtor's books and records are maintained at its business offices in Staten Island, New York.

21.    Pursuant to Local Rule 1007-4(a)(xiii), a schedule of all pending lawsuits is attached.

22.    Pursuant to Local Rule 1007-4(a)(xvii), the Debtor's 2022 first-quarter profit and loss statement is attached hereto which itemizes all expenses and will form the basis of a monthly budget.

23.    Pursuant to Local Rule 1007-4(a)(xviii), the Debtor's current insurance policies listing the identity of the insurer, policy period and type of insurance for each insurance policy are attached hereto.

24.    Pursuant to Local Rule 1007-4(a)(xix), the Debtor currently maintains the following bank accounts with JP Morgan Chase: checking account no. xxxxx3927 and savings account no: xxxxx4366.

Dated: New York, NY
      June 14, 2022

                                                    _____
                                                      Pietro DiMaggio

**RAPI INC**
Income Statement
For the Period Ended March 31, 2022

| | 3 Months Total | January | February | March |
|---|---|---|---|---|
| **Revenue** | | | | |
| Sales | $ 29,957.64 | $ 12,138.70 | $ 5,749.91 | $ 12,069.03 |
| Sales - Credit Cards | 467,722.11 | 142,186.89 | 139,446.34 | 186,088.88 |
| Total Revenue | 497,679.75 | 154,325.59 | 145,196.25 | 198,157.91 |
| **Cost of Sales** | | | | |
| Purchases | 172,863.14 | 62,086.57 | 40,101.00 | 70,675.57 |
| Total Cost of Sales | 172,863.14 | 62,086.57 | 40,101.00 | 70,675.57 |
| Gross Profit | 324,816.61 | 92,239.02 | 105,095.25 | 127,482.34 |
| **Operating Expenses** | | | | |
| Accounting | 2,800.00 | 700.00 | 700.00 | 1,400.00 |
| Data Processing | 1,097.08 | 463.82 | 269.60 | 363.66 |
| Depreciation | 1,563.00 | 521.00 | 521.00 | 521.00 |
| Federal Unemployment Insurance | 668.77 | 303.76 | 233.87 | 131.14 |
| Fees | 6,604.58 | 5,975.21 | 629.37 | 0.00 |
| Insurance | 3,599.72 | 1,810.90 | 1,812.94 | (24.12) |
| Supplies | 5,936.61 | 2,772.14 | 1,221.41 | 1,943.06 |
| Legal Fees | 10,276.50 | 0.00 | 10,276.50 | 0.00 |
| Maint. & Service Contracts | 5,382.93 | 2,779.24 | 838.34 | 1,765.35 |
| NYC General Corp. Tax | 7,546.11 | 0.00 | 0.00 | 7,546.11 |
| Payroll Taxes | 13,000.22 | 4,255.91 | 4,243.78 | 4,500.53 |
| Rent | 16,800.00 | 5,400.00 | 4,800.00 | 6,600.00 |
| Repairs & Maintenance | 105.00 | 0.00 | 105.00 | 0.00 |
| Sales Tax | 36,213.37 | 13,087.84 | 10,679.24 | 12,446.29 |
| Salaries - Officers | 52,800.00 | 17,600.00 | 17,600.00 | 17,600.00 |
| Salaries - Employees | 117,314.54 | 38,030.60 | 37,872.94 | 41,411.00 |
| Security | 163.28 | 163.28 | 0.00 | 0.00 |
| State Unemployment Insurance | 4,153.04 | 1,724.58 | 1,347.67 | 1,080.79 |
| Sub-Contractors | 600.00 | 144.00 | 456.00 | 0.00 |
| Telephone | 1,152.78 | 385.34 | 383.82 | 383.62 |
| Uniforms, Laundry & Cleaning | 2,250.86 | 0.00 | 0.00 | 2,250.86 |
| Utilities | 11,204.16 | 2,933.58 | 3,292.76 | 4,977.82 |
| Officers Health Insurance | 8,398.02 | 4,199.01 | 0.00 | 4,199.01 |
| Total Operating Expenses | 309,630.57 | 103,250.21 | 97,284.24 | 109,096.12 |
| Net Income (Loss) | $ 15,186.04 | $ (11,011.19) | $ 7,811.01 | $ 18,386.22 |

Form **1120-S**

Department of the Treasury
Internal Revenue Service

## U.S. Income Tax Return for an S Corporation

► **Do not file this form unless the corporation has filed or is attaching Form 2553 to elect to be an S corporation.**
► **Go to** *www.irs.gov/Form1120S* **for instructions and the latest information.**

OMB No. 1545-0123

**2019**

For calendar year 2019 or tax year beginning _____ , 2019, ending _____ ,

| | | |
|---|---|---|
| **A** S election effective date<br>1/01/2017 | **TYPE** | **D** Employer identification number |
| **B** Business activity code<br>number (see instructions)<br>722511 | **OR** | RAPI INC.<br>C/O 148 NEW DORP LANE<br>STATEN ISLAND, NY 10306-3004 |
| **C** Check if Schedule<br>M-3 attached ☐ | **PRINT** | |

**D** Employer identification number: ●●●●●●●●●7
**E** Date incorporated: 12/16/1997
**F** Total assets (see instructions): $ 85,588.

**G** Is the corporation electing to be an S corporation beginning with this tax year? ☐ Yes ☒ No  If 'Yes,' attach Form 2553 if not already filed

**H** Check if: **(1)** ☐ Final return  **(2)** ☐ Name change  **(3)** ☐ Address change
**(4)** ☐ Amended return  **(5)** ☐ S election termination or revocation

**I** Enter the number of shareholders who were shareholders during any part of the tax year . . . . . . . . . . . . . . . . . . . . . ► 2

**J** Check if corporation: **(1)** ☐ Aggregated activities for section 465 at-risk purposes  **(2)** ☐ Grouped activities for section 469 passive activity purposes

**Caution:** Include **only** trade or business income and expenses on lines 1a through 21. See the instructions for more information.

| | | | | |
|---|---|---|---|---|
| **INCOME** | **1 a** Gross receipts or sales . . . . . . . . . . . . . . . . . . . | **1a** | 1,513,323. | |
| | **b** Returns and allowances . . . . . . . . . . . . . . . . . | **1b** | | |
| | **c** Balance. Subtract line 1b from line 1a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **1c** 1,513,323. |
| | **2** Cost of goods sold (attach Form 1125-A) . . . . . . . . . . . . . . . . . . . . . . . . | | | **2** 605,539. |
| | **3** Gross profit. Subtract line 2 from line 1c . . . . . . . . . . . . . . . . . . . . . . . . | | | **3** 907,784. |
| | **4** Net gain (loss) from Form 4797, line 17 (attach Form 4797) . . . . . . . . . . . . . . | | | **4** |
| | **5** Other income (loss) (see instrs — att statement) . . . . . . . . . . . . . . . . . . . . | | | **5** |
| | **6** **Total income (loss).** Add lines 3 through 5 . . . . . . . . . . . . . . . . . . . . . . . ► | | | **6** 907,784. |
| **DEDUCTIONS (SEE INSTRS)** | **7** Compensation of officers (see instructions - attach Form 1125-E) . . . . . . . . . . . | | | **7** 100,753. |
| | **8** Salaries and wages (less employment credits) . . . . . . . . . . . . . . . . . . . . . | | | **8** 292,128. |
| | **9** Repairs and maintenance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **9** 41,781. |
| | **10** Bad debts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **10** |
| | **11** Rents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **11** 60,000. |
| | **12** Taxes and licenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **12** 115,841. |
| | **13** Interest (see instructions) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **13** 12,396. |
| | **14** Depreciation not claimed on Form 1125-A or elsewhere on return (attach Form 4562) | | | **14** 10,037. |
| | **15** Depletion **(Do not deduct oil and gas depletion.)** . . . . . . . . . . . . . . . . . . . | | | **15** |
| | **16** Advertising . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **16** 900. |
| | **17** Pension, profit-sharing, etc., plans . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **17** |
| | **18** Employee benefit programs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **18** |
| | **19** Other deductions (attach statement) . . . . . . . . . . . . . . . . . **SEE STATEMENT 1** | | | **19** 224,685. |
| | **20** **Total deductions.** Add lines 7 through 19 . . . . . . . . . . . . . . . . . . . . . . ► | | | **20** 858,521. |
| | **21** **Ordinary business income (loss).** Subtract line 20 from line 6 . . . . . . . . . . . . | | | **21** 49,263. |
| **TAX AND PAYMENTS** | **22a** Excess net passive income or LIFO recapture<br>tax (see instructions) . . . . . . . . . . . . . . . . . . . . | **22a** | | |
| | **b** Tax from Schedule D (Form 1120-S) . . . . . . . . . . . . . . | **22b** | | |
| | **c** Add lines 22a and 22b (see instructions for additional taxes) . . . . . . . . . . . . . | | | **22c** |
| | **23a** 2019 estimated tax payments and 2018 overpayment credited to 2019 . . . . . . | **23a** | | |
| | **b** Tax deposited with Form 7004 . . . . . . . . . . . . . . . . . . | **23b** | | |
| | **c** Credit for federal tax paid on fuels (attach Form 4136) . . . . . . | **23c** | | |
| | **d** Reserved for future use . . . . . . . . . . . . . . . . . . . . . . | **23d** | | |
| | **e** Add lines 23a through 23d . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | **23e** |
| | **24** Estimated tax penalty (see instructions). Check if Form 2220 is attached . . . . . . . . . . . . . ► ☐ | | | **24** |
| | **25** **Amount owed.** If line 23e is smaller than the total of lines 22c and 24, enter amount owed . . . | | | **25** 0. |
| | **26** **Overpayment.** If line 23e is larger than the total of lines 22c and 24, enter amount overpaid . . . | | | **26** |
| | **27** Enter amount from line 26: **Credited to 2020 estimated tax** ► | | **Refunded** ► | **27** |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

► _____ Signature of officer   Date

► **SECRETARY**
Title

May the IRS discuss this return with the preparer shown below? See instructions.
☒ Yes  ☐ No

**Paid Preparer Use Only**

| | | | | |
|---|---|---|---|---|
| Print/Type preparer's name<br>ANTHONY J. TANZI | Preparer's signature | Date<br>3/16/20 | Check ☐ if<br>self-employed | PTIN<br>P00011401 |
| Firm's name ► DEL REY, TANZI & GAVIN LLP - CPAS | | | Firm's EIN ► 133904223 | |
| Firm's address ► 148 NEW DORP LANE<br>STATEN ISLAND, NY 10306 | | | Phone no. (718) 667-1500 | |

**BAA For Paperwork Reduction Act Notice, see separate instructions.**    SPSA0112  12/30/19    Form **1120-S** (2019)

Form 1120-S (2019)  RAPI INC.               Page **2**

| Schedule B | Other Information (see instructions) | Yes | No |
|---|---|---|---|

**1** Check accounting method:  **a** [X] Cash  **b** [ ] Accrual  **c** [ ] Other (specify) ► _ _ _ _ _ _ _ _ _ _

**2** See the instructions and enter the:

   **a** Business activity ► RESTAURANT _ _ _ _ _ _ _ _ _ _    **b** Product or service . . . ► FOOD DINING _ _ _ _

**3** At any time during the tax year, was any shareholder of the corporation a disregarded entity, a trust, an estate, or a nominee or similar person? If "Yes," attach Schedule B-1, Information on Certain Shareholders of an S Corporation . . . . .    | | X

**4** At the end of the tax year, did the corporation:

   **a** Own directly 20% or more, or own, directly or indirectly, 50% or more of the total stock issued and outstanding of any foreign or domestic corporation? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below . . . . . . . . . . . . . . . . . . . . . . . | | X

| (i) Name of Corporation | (ii) Employer Identification Number (if any) | (iii) Country of Incorporation | (iv) Percentage of Stock Owned | (v) If Percentage in (iv) is 100%, Enter the Date (if any) a Qualified Subchapter S Subsidiary Election Was Made |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

   **b** Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below . . . . . . . . . . | | X

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Maximum % Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**5a** At the end of the tax year, did the corporation have any outstanding shares of restricted stock? . . . . . . . . . . . . . . . . . . . . . . . | | X

   If "Yes," complete lines (i) and (ii) below.

   **(i)** Total shares of restricted stock . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ► _ _ _ _ _ _ _ _ _

   **(ii)** Total shares of non-restricted stock . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ► _ _ _ _ _ _ _ _ _

   **b** At the end of the tax year, did the corporation have any outstanding stock options, warrants, or similar instruments? . . . . . . | | X

   If "Yes," complete lines (i) and (ii) below.

   **(i)** Total shares of stock outstanding at the end of the tax year . . . . . . . . . . . . . . . . . . . . . . . ► _ _ _ _ _ _ _ _ _

   **(ii)** Total shares of stock outstanding if all instruments were executed . . . . . . . . . . . . . . . . . . ► _ _ _ _ _ _ _ _ _

**6** Has this corporation filed, or is it required to file, **Form 8918**, Material Advisor Disclosure Statement, to provide information on any reportable transaction? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X

**7** Check this box if the corporation issued publicly offered debt instruments with original issue discount . . . . . . . . . . . . . ► [ ]

   If checked, the corporation may have to file **Form 8281**, Information Return for Publicly Offered Original Issue Discount Instruments.

**8** If the corporation **(a)** was a C corporation before it elected to be an S corporation **or** the corporation acquired an asset with a basis determined by reference to the basis of the asset (or the basis of any other property) in the hands of a C corporation **and (b)** has net unrealized built-in gain in excess of the net recognized built-in gain from prior years, enter the net unrealized built-in gain reduced by net recognized built-in gain from prior years. See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ► $ _ _ _ _ _ _ _ _ _

**9** Did the corporation have an election under section 163(j) for any real property trade or business or any farming business in effect during the tax year? See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X

**10** Does the corporation satisfy one or more of the following? See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X

   **a** The corporation owns a pass-through entity with current, or prior year carryover, excess business interest expense.

   **b** The corporation's aggregate average annual gross receipts (determined under section 448(c)) for the 3 tax years preceding the current tax year are more than $26 million and the corporation has business interest expense.

   **c** The corporation is a tax shelter and the corporation has business interest expense.

   If "Yes," complete and attach Form 8990.

**11** Does the corporation satisfy **both** of the following conditions? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X

   **a** The corporation's total receipts (see instructions) for the tax year were less than $250,000.

   **b** The corporation's total assets at the end of the tax year were less than $250,000.

   If "Yes," the corporation is not required to complete Schedules L and M-1.

Form 1120-S (2019)  RAPI INC. ~~~~~~~~~~~~~ Page 3

| Schedule B | Other Information   (see instructions) (continued) | | Yes | No |
|---|---|---|---|---|
| 12 | During the tax year, did the corporation have any non-shareholder debt that was canceled, was forgiven, or had the terms modified so as to reduce the principal amount of the debt?...................................................... | | | X |
| | If "Yes," enter the amount of principal reduction................................................ ▶ $ _____ | | | |
| 13 | During the tax year, was a qualified subchapter S subsidiary election terminated or revoked? If "Yes," see instructions..... | | | X |
| 14a | Did the corporation make any payments in 2019 that would require it to file Form(s) 1099?................................ | | X | |
| b | If "Yes," did the corporation file or will it file required Form(s) 1099?...................................................... | | X | |
| 15 | Is the corporation attaching Form 8996 to certify as a Qualified Opportunity Fund?.................................... | | | X |
| | If "Yes," enter the amount from Form 8996, line 14 .................................. ▶ $ | | | |

| Schedule K | | Shareholders' Pro Rata Share Items | | Total amount |
|---|---|---|---|---|
| Income (Loss) | 1 | Ordinary business income (loss) (page 1, line 21).................................... | 1 | 49,263. |
| | 2 | Net rental real estate income (loss) (attach Form 8825)................................. | 2 | |
| | 3a | Other gross rental income (loss)................ 3a | | |
| | b | Expenses from other rental activities (attach statement)........... 3b | | |
| | c | Other net rental income (loss). Subtract line 3b from line 3a......................... | 3c | |
| | 4 | Interest income..................................................................... | 4 | |
| | 5 | Dividends:  a Ordinary dividends........................................... | 5a | |
| | | b Qualified dividends............................ 5b | | |
| | 6 | Royalties............................................................................ | 6 | |
| | 7 | Net short-term capital gain (loss) (attach Schedule D (Form 1120-S))................... | 7 | |
| | 8a | Net long-term capital gain (loss) (attach Schedule D (Form 1120-S))................... | 8a | |
| | b | Collectibles (28%) gain (loss)................ 8b | | |
| | c | Unrecaptured section 1250 gain (attach statement)........... 8c | | |
| | 9 | Net section 1231 gain (loss) (attach Form 4797)...................................... | 9 | |
| | 10 | Other income (loss) (see instructions)......... Type ▶ | 10 | |
| Deduc-tions | 11 | Section 179 deduction (attach Form 4562)............................................. | 11 | |
| | 12a | Charitable contributions............................................................. | 12a | |
| | b | Investment interest expense......................................................... | 12b | |
| | c | Section 59(e)(2) expenditures (1) Type ▶ _____ (2) Amount ▶ | 12c (2) | |
| | d | Other deductions (see instructions).. Type ▶ | 12d | |
| Credits | 13a | Low-income housing credit (section 42(j)(5))........................................ | 13a | |
| | b | Low-income housing credit (other)................................................... | 13b | |
| | c | Qualified rehabilitation expenditures (rental real estate) (attach Form 3468, if applicable)................. | 13c | |
| | d | Other rental real estate credits (see instrs)  Type ▶ _____ | 13d | |
| | e | Other rental credits (see instrs)  Type ▶ _____ | 13e | |
| | f | Biofuel producer credit (attach Form 6478)......................................... | 13f | |
| | g | Other credits (see instructions)...... Type▶      SEE STATEMENT 2 | 13g | 14,095. |
| Foreign Trans-actions | 14a | Name of country or U.S. possession ▶ _____ | | |
| | b | Gross income from all sources...................................................... | 14b | |
| | c | Gross income sourced at shareholder level.......................................... | 14c | |
| | | Foreign gross income sourced at corporate level | | |
| | d | Reserved for future use............................................................. | 14d | |
| | e | Foreign branch category............................................................ | 14e | |
| | f | Passive category................................................................... | 14f | |
| | g | General category................................................................... | 14g | |
| | h | Other (attach statement)............................................................ | 14h | |
| | | Deductions allocated and apportioned at shareholder level | | |
| | i | Interest expense................................................................... | 14i | |
| | j | Other.............................................................................. | 14j | |
| | | Deductions allocated and apportioned at corporate level to foreign source income | | |
| | k | Reserved for future use............................................................. | 14k | |
| | l | Foreign branch category............................................................ | 14l | |
| | m | Passive category................................................................... | 14m | |
| | n | General category................................................................... | 14n | |
| | o | Other (attach statement)............................................................ | 14o | |
| | | Other information | | |
| | p | Total foreign taxes (check one): ▶ ☐ Paid   ☐ Accrued................. | 14p | |
| | q | Reduction in taxes available for credit (attach statement)............................ | 14q | |
| | r | Other foreign tax information (attach statement) | | |

BAA                          SPSA0134  10/03/19                          Form 1120-S (2019)

Form 1120-S (2019)  RAPI INC.                                                                    Page **4**

## Schedule K | Shareholders' Pro Rata Share Items (continued)

|  |  |  | Total amount |
|---|---|---|---|
| **Alternative Minimum Tax (AMT) Items** | **15a** Post-1986 depreciation adjustment | 15a | |
| | **b** Adjusted gain or loss | 15b | |
| | **c** Depletion (other than oil and gas) | 15c | |
| | **d** Oil, gas, and geothermal properties — gross income | 15d | |
| | **e** Oil, gas, and geothermal properties — deductions | 15e | |
| | **f** Other AMT items (attach statement) | 15f | |
| **Items Affecting Shareholder Basis** | **16a** Tax-exempt interest income | 16a | |
| | **b** Other tax-exempt income | 16b | |
| | **c** Nondeductible expenses                    SEE STATEMENT 3 | 16c | 74,234. |
| | **d** Distributions (attach stmt if required) (see instrs) | 16d | |
| | **e** Repayment of loans from shareholders | 16e | |
| **Other Information** | **17a** Investment income | 17a | |
| | **b** Investment expenses | 17b | |
| | **c** Dividend distributions paid from accumulated earnings and profits | 17c | |
| | **d** Other items and amounts (attach statement) | | |
| **Reconciliation** | **18** **Income (loss) reconciliation.** Combine the amounts on lines 1 through 10 in the far right column. From the result, subtract the sum of the amounts on lines 11 through 12d and 14p | 18 | 49,263. |

## Schedule L | Balance Sheets per Books

| Assets | Beginning of tax year (a) | (b) | End of tax year (c) | (d) |
|---|---|---|---|---|
| **1** Cash | | 29. | | 8,155. |
| **2a** Trade notes and accounts receivable | | | | |
| **b** Less allowance for bad debts | | | | |
| **3** Inventories | | 25,000. | | 20,000. |
| **4** U.S. government obligations | | | | |
| **5** Tax-exempt securities (see instructions) | | | | |
| **6** Other current assets (attach stmt) | | | | |
| **7** Loans to shareholders | | | | |
| **8** Mortgage and real estate loans | | | | |
| **9** Other investments (attach statement) | | | | |
| **10a** Buildings and other depreciable assets | 248,815. | | 248,815. | |
| **b** Less accumulated depreciation | 191,347. | 57,468. | 201,385. | 47,430. |
| **11a** Depletable assets | | | | |
| **b** Less accumulated depletion | | | | |
| **12** Land (net of any amortization) | | | | |
| **13a** Intangible assets (amortizable only) | | | | |
| **b** Less accumulated amortization | | | | |
| **14** Other assets (attach stmt)   SEE ST 4 | | 10,000. | | 10,003. |
| **15** Total assets | | 92,497. | | 85,588. |
| **Liabilities and Shareholders' Equity** | | | | |
| **16** Accounts payable | | | | |
| **17** Mortgages, notes, bonds payable in less than 1 year | | 94,355. | | 80,525. |
| **18** Other current liabilities (attach stmt)  SEE ST 5 | | 41,916. | | 73,808. |
| **19** Loans from shareholders | | | | |
| **20** Mortgages, notes, bonds payable in 1 year or more | | | | |
| **21** Other liabilities (attach statement) | | | | |
| **22** Capital stock | | 2,000. | | 2,000. |
| **23** Additional paid-in capital | | | | |
| **24** Retained earnings | | -45,774. | | -70,745. |
| **25** Adjustments to shareholders' equity (att stmt) | | | | |
| **26** Less cost of treasury stock | | | | |
| **27** Total liabilities and shareholders' equity | | 92,497. | | 85,588. |

SPSA0134   10/03/19                                                        Form **1120-S** (2019)

Form 1120-S (2019)  RAPI INC. ▬▬▬▬▬▬▬▬ Page **5**

## Schedule M-1 | Reconciliation of Income (Loss) per Books With Income (Loss) per Return

**Note:** The corporation may be required to file Schedule M-3. See instructions.

| | | | | | | |
|---|---|---|---|---|---|---|
| **1** | Net income (loss) per books............. | | **-24,971.** | **5** | Income recorded on books this year not included on Schedule K, lines 1 through 10 (itemize): | |
| **2** | Income included on Schedule K, lines 1, 2, 3c, 4, 5a, 6, 7, 8a, 9, and 10, not recorded on books this year (itemize): | | | **a** | Tax-exempt interest. $ _____ | |
| | | | | | _____ | |
| **3** | Expenses recorded on books this year not included on Schedule K, lines 1 through 12 and 14p (itemize): | | | **6** | Deductions included on Schedule K, lines 1 through 12 and 14p, not charged against book income this year (itemize): | |
| **a** | Depreciation........ $ _____ | | | **a** | Depreciation ... $ _____ | |
| **b** | Travel and entertainment. $ _____ | | | | _____ | |
| | SEE STATEMENT 6 _____ 74,234. | | **74,234.** | **7** | Add lines 5 and 6...................... | **0.** |
| **4** | Add lines 1 through 3..................... | | **49,263.** | **8** | Income (loss) (Schedule K, line 18). Subtract line 7 from line 4..... | **49,263.** |

## Schedule M-2 | Analysis of Accumulated Adjustments Account, Shareholders' Undistributed Taxable Income Previously Taxed, Accumulated Earnings and Profits, and Other Adjustments Account
(see instructions)

| | | (a) Accumulated adjustments account | (b) Shareholders' undistributed taxable income previously taxed | (c) Accumulated earnings and profits | (d) Other adjustments account |
|---|---|---|---|---|---|
| **1** | Balance at beginning of tax year........................ | -502,270. | | | 456,496. |
| **2** | Ordinary income from page 1, line 21.................... | 49,263. | | | |
| **3** | Other additions.......................................... | | | | |
| **4** | Loss from page 1, line 21.............................. | | | | |
| **5** | Other reductions...........SEE STATEMENT 7.... | ( 74,234.) | | | |
| **6** | Combine lines 1 through 5.............................. | -527,241. | | | 456,496. |
| **7** | Distributions............................................. | | | | |
| **8** | Balance at end of tax year. Subtract line 7 from line 6 ... | -527,241. | | | 456,496. |

SPSA0134  10/03/19

Form **1120-S** (2019)

Form **1120-S**

Department of the Treasury
Internal Revenue Service

## U.S. Income Tax Return for an S Corporation

▶ Do not file this form unless the corporation has filed or
is attaching Form 2553 to elect to be an S corporation.
▶ Go to *www.irs.gov/Form1120S* for instructions and the latest information.

OMB No. 1545-0123

**2020**

For calendar year 2020 or tax year beginning _____, 2020, ending _____.

| | | |
|---|---|---|
| **A** S election effective date<br>1/01/2017 | **TYPE**<br>**OR**<br>**PRINT** | RAPI INC.<br>C/O 148 NEW DORP LANE<br>STATEN ISLAND, NY 10306-3004 |

**B** Business activity code
number (see instructions)
722511

**C** Check if Schedule
M-3 attached ☐

**D** Employer identification number
██████████

**E** Date incorporated
12/16/1997

**F** Total assets (see instructions)
$ 93,354.

**G** Is the corporation electing to be an S corporation beginning with this tax year? ☐ Yes ☒ No  If "Yes," attach Form 2553 if not already filed

**H** Check if: **(1)** ☐ Final return **(2)** ☐ Name change **(3)** ☐ Address change
**(4)** ☐ Amended return **(5)** ☐ S election termination or revocation

**I** Enter the number of shareholders who were shareholders during any part of the tax year . . . . . . . . . . . . . . . . . . . ▶ 2

**J** Check if corporation: **(1)** ☐ Aggregated activities for section 465 at-risk purposes **(2)** ☐ Grouped activities for section 469 passive activity purposes

**Caution:** Include **only** trade or business income and expenses on lines 1a through 21. See the instructions for more information.

| INCOME | | | | |
|---|---|---|---|---|
| | **1a** Gross receipts or sales . . . . . . . . . . . . | **1a** | 987,455. | |
| | **b** Returns and allowances . . . . . . . . . . . | **1b** | | |
| | **c** Balance. Subtract line 1b from line 1a . . . . . . . . . . . . . . . . . . | | **1c** | 987,455. |
| | **2** Cost of goods sold (attach Form 1125-A) . . . . . . . . . . . . . . . . | | **2** | 380,951. |
| | **3** Gross profit. Subtract line 2 from line 1c . . . . . . . . . . . . . . . . | | **3** | 606,504. |
| | **4** Net gain (loss) from Form 4797, line 17 (attach Form 4797) . . . . . . . . . | | **4** | |
| | **5** Other income (loss) (see instrs — att statement) . . . . . . . . . . . . . | | **5** | |
| | **6** **Total income (loss).** Add lines 3 through 5 . . . . . . . . . . . . . . . | | **6** | 606,504. |

| DEDUCTIONS (SEE INSTRS) | | | |
|---|---|---|---|
| **7** Compensation of officers (see instructions — attach Form 1125-E) . . . . . . . | | **7** | 139,264. |
| **8** Salaries and wages (less employment credits) . . . . . . . . . . . . . . | | **8** | 182,172. |
| **9** Repairs and maintenance . . . . . . . . . . . . . . . . . . . . . . | | **9** | 28,403. |
| **10** Bad debts . . . . . . . . . . . . . . . . . . . . . . . . . . | | **10** | |
| **11** Rents . . . . . . . . . . . . . . . . . . . . . . . . . . . | | **11** | 60,000. |
| **12** Taxes and licenses . . . . . . . . . . . . . . . . . . . . . . . | | **12** | 82,068. |
| **13** Interest (see instructions) . . . . . . . . . . . . . . . . . . . . | | **13** | 7,912. |
| **14** Depreciation not claimed on Form 1125-A or elsewhere on return (attach Form 4562) . | | **14** | 10,037. |
| **15** Depletion **(Do not deduct oil and gas depletion.)** . . . . . . . . . . . . | | **15** | |
| **16** Advertising . . . . . . . . . . . . . . . . . . . . . . . . . | | **16** | 400. |
| **17** Pension, profit-sharing, etc., plans . . . . . . . . . . . . . . . . . | | **17** | |
| **18** Employee benefit programs . . . . . . . . . . . . . . . . . . . . | | **18** | |
| **19** Other deductions (attach statement) . . . . . . . . . . . . SEE STATEMENT 1 | | **19** | 164,690. |
| **20** **Total deductions.** Add lines 7 through 19 . . . . . . . . . . . . . ▶ | | **20** | 674,946. |
| **21** **Ordinary business income (loss).** Subtract line 20 from line 6 . . . . . . . | | **21** | -68,442. |

| TAX AND PAYMENTS | | | | |
|---|---|---|---|---|
| **22a** Excess net passive income or LIFO recapture<br>tax (see instructions) . . . . . . . . . . | **22a** | | | |
| **b** Tax from Schedule D (Form 1120-S) . . . . | **22b** | | | |
| **c** Add lines 22a and 22b (see instructions for additional taxes) . . . . . . . . . | | | **22c** | |
| **23a** 2020 estimated tax payments and 2019 overpayment credited to 2020 . . . . | **23a** | | | |
| **b** Tax deposited with Form 7004 . . . . . . . . . . . . . | **23b** | | | |
| **c** Credit for federal tax paid on fuels (attach Form 4136) . . . . . . . . | **23c** | | | |
| **d** Reserved for future use . . . . . . . . . . . . . . | **23d** | | | |
| **e** Add lines 23a through 23d . . . . . . . . . . . . . . . . . . | | | **23e** | |
| **24** Estimated tax penalty (see instructions). Check if Form 2220 is attached . . . . . . . ▶ ☐ | | | **24** | |
| **25** **Amount owed.** If line 23e is smaller than the total of lines 22c and 24, enter amount owed . . | | | **25** | 0. |
| **26** **Overpayment.** If line 23e is larger than the total of lines 22c and 24, enter amount overpaid . | | | **26** | |
| **27** Enter amount from line 26: **Credited to 2021 estimated tax** ▶ _____ **Refunded** ▶ | | | **27** | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▲ Signature of officer _____ Date _____

▶ SECRETARY
Title

May the IRS discuss this return
with the preparer shown below?
See instructions. ☒ Yes ☐ No

**Paid Preparer Use Only**

| | | | | |
|---|---|---|---|---|
| Print/Type preparer's name<br>ANTHONY J. TANZI | Preparer's signature | Date<br>3/09/21 | Check ☐ if<br>self-employed | PTIN<br>P00011401 |
| Firm's name ▶ DEL REY TANZI GUGLIETTA D'AMBROSI, CPAS | | | Firm's EIN ▶ 133904223 | |
| Firm's address ▶ 148 NEW DORP LN<br>STATEN ISLAND, NY 10306 | | | Phone no. (718) 667-1500 | |

**BAA For Paperwork Reduction Act Notice, see separate instructions.**

SPSA0112  09/01/20

Form **1120-S** (2020)

Form 1120-S (2020)  RAPI INC.      ~~c-12-8888888~~     Page **2**

| **Schedule B** | **Other Information**  (see instructions) | **Yes** | **No** |
|---|---|---|---|

**1** Check accounting method:   **a** ☒ Cash   **b** ☐ Accrual   **c** ☐ Other (specify) ► _ _ _ _ _ _ _ _ _ _ _ _ _

**2** See the instructions and enter the:

  **a** Business activity   ► RESTAURANT _ _ _ _ _ _ _ _ _ _ _   **b** Product or service... ► FOOD DINING _ _ _ _ _ _ _ _ _

**3** At any time during the tax year, was any shareholder of the corporation a disregarded entity, a trust, an estate, or a nominee or similar person? If "Yes," attach Schedule B-1, Information on Certain Shareholders of an S Corporation . . . . . .     | | X |

**4** At the end of the tax year, did the corporation:

  **a** Own directly 20% or more, or own, directly or indirectly, 50% or more of the total stock issued and outstanding of any foreign or domestic corporation? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     | | X |

| **(i)** Name of Corporation | **(ii)** Employer Identification Number (if any) | **(iii)** Country of Incorporation | **(iv)** Percentage of Stock Owned | **(v)** If Percentage in (iv) is 100%, Enter the Date (if any) a Qualified Subchapter S Subsidiary Election Was Made |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

  **b** Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below . . . . . . . . . . . . . . .    | | X |

| **(i)** Name of Entity | **(ii)** Employer Identification Number (if any) | **(iii)** Type of Entity | **(iv)** Country of Organization | **(v)** Maximum % Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**5a** At the end of the tax year, did the corporation have any outstanding shares of restricted stock? . . . . . . . . . . . . . . . . . . . . . . . .    | | X |

  If "Yes," complete lines (i) and (ii) below.

    **(i)** Total shares of restricted stock . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ► _ _ _ _ _ _ _ _ _ _

    **(ii)** Total shares of non-restricted stock . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ► _ _ _ _ _ _ _ _ _ _

  **b** At the end of the tax year, did the corporation have any outstanding stock options, warrants, or similar instruments? . . . . . .    | | X |

  If "Yes," complete lines (i) and (ii) below.

    **(i)** Total shares of stock outstanding at the end of the tax year . . . . . . . . . . . . . . . . . . . . . . . . . . . . ► _ _ _ _ _ _ _ _ _ _

    **(ii)** Total shares of stock outstanding if all instruments were executed . . . . . . . . . . . . . . . . . . . . . . . ► _ _ _ _ _ _ _ _ _ _

**6** Has this corporation filed, or is it required to file, **Form 8918**, Material Advisor Disclosure Statement, to provide information on any reportable transaction? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    | | X |

**7** Check this box if the corporation issued publicly offered debt instruments with original issue discount . . . . . . . . . . . . . . . ► ☐

  If checked, the corporation may have to file **Form 8281**, Information Return for Publicly Offered Original Issue Discount Instruments.

**8** If the corporation **(a)** was a C corporation before it elected to be an S corporation **or** the corporation acquired an asset with a basis determined by reference to the basis of the asset (or the basis of any other property) in the hands of a C corporation **and (b)** has net unrealized built-in gain in excess of the net recognized built-in gain from prior years, enter the net unrealized built-in gain reduced by net recognized built-in gain from prior years. See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ► $ _ _ _ _ _ _ _ _ _ _ _

**9** Did the corporation have an election under section 163(j) for any real property trade or business or any farming business in effect during the tax year? See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    | | X |

**10** Does the corporation satisfy one or more of the following? See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    | | X |

  **a** The corporation owns a pass-through entity with current, or prior year carryover, excess business interest expense.

  **b** The corporation's aggregate average annual gross receipts (determined under section 448(c)) for the 3 tax years preceding the current tax year are more than $26 million and the corporation has business interest expense.

  **c** The corporation is a tax shelter and the corporation has business interest expense.

  If "Yes," complete and attach Form 8990.

**11** Does the corporation satisfy **both** of the following conditions? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    | | X |

  **a** The corporation's total receipts (see instructions) for the tax year were less than $250,000.

  **b** The corporation's total assets at the end of the tax year were less than $250,000.

  If "Yes," the corporation is not required to complete Schedules L and M-1.

Form 1120-S (2020)  RAPI INC.                                         13-         Page 3

| Schedule B | Other Information   (see instructions) *(continued)* | | Yes | No |
|---|---|---|---|---|
| 12 | During the tax year, did the corporation have any non-shareholder debt that was canceled, was forgiven, or had the terms modified so as to reduce the principal amount of the debt?..................................................... | | | X |
| | If "Yes," enter the amount of principal reduction................................................ ►$ _____ | | | |
| 13 | During the tax year, was a qualified subchapter S subsidiary election terminated or revoked? If "Yes," see instructions..... | | | X |
| 14a | Did the corporation make any payments in 2020 that would require it to file Form(s) 1099?................................ | | X | |
| b | If "Yes," did the corporation file or will it file required Form(s) 1099?.................................................. | | X | |
| 15 | Is the corporation attaching Form 8996 to certify as a Qualified Opportunity Fund?.................................... | | | X |
| | If "Yes," enter the amount from Form 8996, line 15............................................... ►$ | | | |

| Schedule K | Shareholders' Pro Rata Share Items | | | Total amount |
|---|---|---|---|---|
| **Income (Loss)** | 1 Ordinary business income (loss) (page 1, line 21)............................. | | 1 | -68,442. |
| | 2 Net rental real estate income (loss) (attach Form 8825).......................... | | 2 | |
| | 3a Other gross rental income (loss)........................... | 3a | | |
| | b Expenses from other rental activities (attach statement)......................... | 3b | | |
| | c Other net rental income (loss). Subtract line 3b from line 3a..................... | | 3c | |
| | 4 Interest income...................................................... | | 4 | 2. |
| | 5 Dividends:  a Ordinary dividends........................................ | | 5a | |
| | b Qualified dividends............................... | 5b | | |
| | 6 Royalties............................................................ | | 6 | |
| | 7 Net short-term capital gain (loss) (attach Schedule D (Form 1120-S))............ | | 7 | |
| | 8a Net long-term capital gain (loss) (attach Schedule D (Form 1120-S)).......... | | 8a | |
| | b Collectibles (28%) gain (loss)............................ | 8b | | |
| | c Unrecaptured section 1250 gain (attach statement)...................... | 8c | | |
| | 9 Net section 1231 gain (loss) (attach Form 4797)............................. | | 9 | |
| | 10 Other income (loss) (see instructions).......... Type► | | 10 | |
| **Deductions** | 11 Section 179 deduction (attach Form 4562)................................. | | 11 | 5,310. |
| | 12a Charitable contributions................................................ | | 12a | |
| | b Investment interest expense............................................ | | 12b | |
| | c Section 59(e)(2) expenditures............... Type ► _____ | | 12c | |
| | d Other deductions (see instructions)........... Type ► | | 12d | |
| **Credits** | 13a Low-income housing credit (section 42(j)(5)).............................. | | 13a | |
| | b Low-income housing credit (other)........................................ | | 13b | |
| | c Qualified rehabilitation expenditures (rental real estate) (attach Form 3468, if applicable)................ | | 13c | |
| | d Other rental real estate credits (see instrs).... Type ► _____ | | 13d | |
| | e Other rental credits (see instructions)......... Type ► _____ | | 13e | |
| | f Biofuel producer credit (attach Form 6478)................................ | | 13f | |
| | g Other credits (see instructions)............... Type ►  SEE STATEMENT 2 | | 13g | 6,154. |
| **Foreign Trans- actions** | 14a Name of country or U.S. possession      ► _____ | | | |
| | b Gross income from all sources............................................ | | 14b | |
| | c Gross income sourced at shareholder level................................ | | 14c | |
| | Foreign gross income sourced at corporate level | | | |
| | d Reserved for future use................................................ | | 14d | |
| | e Foreign branch category................................................ | | 14e | |
| | f Passive category.................................................... | | 14f | |
| | g General category.................................................... | | 14g | |
| | h Other (attach statement)............................................... | | 14h | |
| | Deductions allocated and apportioned at shareholder level | | | |
| | i Interest expense.................................................... | | 14i | |
| | j Other............................................................ | | 14j | |
| | Deductions allocated and apportioned at corporate level to foreign source income | | | |
| | k Reserved for future use................................................ | | 14k | |
| | l Foreign branch category............................................... | | 14l | |
| | m Passive category.................................................... | | 14m | |
| | n General category.................................................... | | 14n | |
| | o Other (attach statement)............................................... | | 14o | |
| | Other information | | | |
| | p Total foreign taxes (check one): ► ☐ Paid  ☐ Accrued................... | | 14p | |
| | q Reduction in taxes available for credit (attach statement) | | 14q | |
| | r Other foreign tax information (attach statement) | | | |

BAA                              SPSA0134  09/01/20                    Form **1120-S** (2020)

Form 1120-S (2020)  RAPI INC.                                               ~~13-XXXXXXX~~                    Page **4**

## Schedule K    Shareholders' Pro Rata Share Items *(continued)*

| | | | Total amount |
|---|---|---|---|
| **Alternative Minimum Tax (AMT) Items** | **15a** Post-1986 depreciation adjustment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **15a** | |
| | **b** Adjusted gain or loss . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **15b** | |
| | **c** Depletion (other than oil and gas) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **15c** | |
| | **d** Oil, gas, and geothermal properties — gross income . . . . . . . . . . . . . . . . . . . . . | **15d** | |
| | **e** Oil, gas, and geothermal properties — deductions. . . . . . . . . . . . . . . . . . . . . . . . | **15e** | |
| | **f** Other AMT items (attach statement) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **15f** | |
| **Items Affecting Shareholder Basis** | **16a** Tax-exempt interest income. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **16a** | |
| | **b** Other tax-exempt income . . . . . . . . . . . . . . . . . . . . . . . SEE STATEMENT 3 . . . . . . . | **16b** | 130,235. |
| | **c** Nondeductible expenses . . . . . . . . . . . . . . . . . . . . . . . . . SEE STATEMENT 4 . . . . . . . | **16c** | 12,392. |
| | **d** Distributions (attach stmt if required) (see instrs) . . . . . . . . . . . . . . . . . . . . . . . . | **16d** | |
| | **e** Repayment of loans from shareholders. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **16e** | |
| **Other Information** | **17a** Investment income . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **17a** | 2. |
| | **b** Investment expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **17b** | |
| | **c** Dividend distributions paid from accumulated earnings and profits . . . . . . . . . . . . | **17c** | |
| | **d** Other items and amounts (attach statement)       SEE STATEMENT 5 | | |
| **Reconciliation** | **18** **Income (loss) reconciliation.** Combine the amounts on lines 1 through 10 in the far right column. From the result, subtract the sum of the amounts on lines 11 through 12d and 14p. . . . . . . . . . . . . . | **18** | -73,750. |

## Schedule L    Balance Sheets per Books

| | Beginning of tax year | | End of tax year | |
|---|---|---|---|---|
| **Assets** | **(a)** | **(b)** | **(c)** | **(d)** |
| **1** Cash. . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 8,155. | | 25,958. |
| **2a** Trade notes and accounts receivable. . . . . . . . | | | | |
| **b** Less allowance for bad debts. . . . . . . . . . . . . . | | | | |
| **3** Inventories. . . . . . . . . . . . . . . . . . . . . . . . . . | | 20,000. | | 20,000. |
| **4** U.S. government obligations. . . . . . . . . . . . . . | | | | |
| **5** Tax-exempt securities (see instructions). . . . . | | | | |
| **6** Other current assets (attach stmt) . . . . . . . . . . . . . . . | | | | |
| **7** Loans to shareholders . . . . . . . . . . . . . . . . . . | | | | |
| **8** Mortgage and real estate loans. . . . . . . . . . . . | | | | |
| **9** Other investments (attach statement) . . . . . . . . . . . . | | | | |
| **10a** Buildings and other depreciable assets. . . . . . | 248,815. | | 254,124. | |
| **b** Less accumulated depreciation . . . . . . . . . . . . | 201,385. | 47,430. | 216,731. | 37,393. |
| **11a** Depletable assets. . . . . . . . . . . . . . . . . . . . . | | | | |
| **b** Less accumulated depletion . . . . . . . . . . . . . . | | | | |
| **12** Land (net of any amortization). . . . . . . . . . . . . | | | | |
| **13a** Intangible assets (amortizable only). . . . . . . . . | | | | |
| **b** Less accumulated amortization . . . . . . . . . . . . | | | | |
| **14** Other assets (attach stmt). . . . . . SEE ST 6 | | 10,003. | | 10,003. |
| **15** Total assets. . . . . . . . . . . . . . . . . . . . . . . . . | | 85,588. | | 93,354. |
| **Liabilities and Shareholders' Equity** | | | | |
| **16** Accounts payable. . . . . . . . . . . . . . . . . . . . . . | | | | |
| **17** Mortgages, notes, bonds payable in less than 1 year . . . . | | 80,525. | | 66,793. |
| **18** Other current liabilities (attach stmt) . . SEE ST 7 | | 73,808. | | 15,368. |
| **19** Loans from shareholders . . . . . . . . . . . . . . . . | | | | 35,845. |
| **20** Mortgages, notes, bonds payable in 1 year or more. . . . . | | | | |
| **21** Other liabilities (attach statement) . . . . . . . . . . . . | | | | |
| **22** Capital stock . . . . . . . . . . . . . . . . . . . . . . . . | | 2,000. | | 2,000. |
| **23** Additional paid-in capital. . . . . . . . . . . . . . . . . | | | | |
| **24** Retained earnings . . . . . . . . . . . . . . . . . . . . . | | -70,745. | | -26,652. |
| **25** Adjustments to shareholders' equity (att stmt) . . . . . . . . | | | | |
| **26** Less cost of treasury stock . . . . . . . . . . . . . . | | | | |
| **27** Total liabilities and shareholders' equity . . . . . | | 85,588. | | 93,354. |

SPSA0134   09/01/20                                                         Form **1120-S** (2020)

Form 1120-S (2020)   RAPI INC.                                                                               Page **5**

| Schedule M-1 | Reconciliation of Income (Loss) per Books With Income (Loss) per Return |
|---|---|

**Note:** The corporation may be required to file Schedule M-3. See instructions.

| | | | | | | |
|---|---|---|---|---|---|---|
| **1** | Net income (loss) per books............. | 44,093. | **5** | Income recorded on books this year not included on Schedule K, lines 1 through 10 (itemize): | | |
| **2** | Income included on Schedule K, lines 1, 2, 3c, 4, 5a, 6, 7, 8a, 9, and 10, not recorded on books this year (itemize): | | **a** | Tax-exempt interest. $ _ _ _ _ _ _ _ _ _ | | |
| | | | | STATEMENT 9 _ _ _ _ 130,235. | 130,235. | |
| **3** | Expenses recorded on books this year not included on Schedule K, lines 1 through 12 and 14p (itemize): | | **6** | Deductions included on Schedule K, lines 1 through 12 and 14p, not charged against book income this year (itemize): | | |
| **a** | Depreciation........ $ _ _ _ _ _ _ _ _ _ | | **a** | Depreciation ... $ _ _ _ _ _ _ _ _ _ | | |
| **b** | Travel and entertainment $ _ _ _ _ _ _ _ | | | | | |
| | SEE STATEMENT 8 _ _ _ _ 12,392. | 12,392. | **7** | Add lines 5 and 6..................... | 130,235. | |
| **4** | Add lines 1 through 3.................... | 56,485. | **8** | Income (loss) (Schedule K, line 18). Subtract line 7 from line 4..... | -73,750. | |

| Schedule M-2 | Analysis of Accumulated Adjustments Account, Shareholders' Undistributed Taxable Income Previously Taxed, Accumulated Earnings and Profits, and Other Adjustments Account (see instructions) |
|---|---|

| | | **(a)** Accumulated adjustments account | **(b)** Shareholders' undistributed taxable income previously taxed | **(c)** Accumulated earnings and profits | **(d)** Other adjustments account |
|---|---|---|---|---|---|
| **1** | Balance at beginning of tax year....................... | -527,241. | | | 456,496. |
| **2** | Ordinary income from page 1, line 21................... | | | | |
| **3** | Other additions............ SEE STATEMENT 10 ... | 2. | | | 130,235. |
| **4** | Loss from page 1, line 21............................ | ( 68,442.) | | | |
| **5** | Other reductions........... SEE STATEMENT 11 ... | ( 17,702.) | | | |
| **6** | Combine lines 1 through 5............................ | -613,383. | | | 586,731. |
| **7** | Distributions...................................... | | | | |
| **8** | Balance at end of tax year. Subtract line 7 from line 6 ... | -613,383. | | | 586,731. |

SPSA0134   09/01/20                                                                            Form **1120-S** (2020)

| Form **1125-A** | **Cost of Goods Sold** | |
|---|---|---|
| (Rev. November 2018) | ► Attach to Form 1120, 1120-C, 1120-F, 1120S, or 1065. | OMB No. 1545-0123 |
| Department of the Treasury<br>Internal Revenue Service | ► Go to *www.irs.gov/Form1125A* for the latest information. | |

| Name | Employer identification number |
|---|---|
| RAPI INC. | 13-3983357 |

| | | | |
|---|---|---|---:|
| 1 | Inventory at beginning of year | **1** | 20,000. |
| 2 | Purchases | **2** | 380,951. |
| 3 | Cost of labor | **3** | |
| 4 | Additional section 263A costs (attach schedule) | **4** | |
| 5 | Other costs (attach schedule) | **5** | |
| 6 | **Total.** Add lines 1 through 5 | **6** | 400,951. |
| 7 | Inventory at end of year | **7** | 20,000. |
| 8 | **Cost of goods sold.** Subtract line 7 from line 6. Enter here and on Form 1120, page 1, line 2 or the appropriate line of your tax return. See instructions | **8** | 380,951. |

**9a** Check all methods used for valuing closing inventory:

   *(i)*   [X] Cost

   *(ii)*   [ ] Lower of cost or market

   *(iii)*   [ ] Other (Specify method used and attach explanation.) ► _____

  **b** Check if there was a writedown of subnormal goods ► [ ]

  **c** Check if the LIFO inventory method was adopted this tax year for any goods (if checked, attach Form 970) ► [ ]

  **d** If the LIFO inventory method was used for this tax year, enter amount of closing inventory computed under LIFO | **9d** |

  **e** If property is produced or acquired for resale, do the rules of section 263A apply to the entity? See instructions ...... [ ] Yes [X] No

  **f** Was there any change in determining quantities, cost, or valuations between opening and closing inventory? If "Yes," attach explanation ......... [ ] Yes [X] No

**BAA  For Paperwork Reduction Act Notice, see instructions.**              Form **1125-A** (Rev. 11-2018)

# COMMERCIAL POLICY



AmTrust North America

An AmTrust Financial Company

877-528-7878

## 800 SUPERIOR AVENUE EAST, 21ST FLOOR
## CLEVELAND, OH 44114

## Wesco Insurance Company

INSURANCE IS PROVIDED BY
THE COMPANY DESIGNATED ON THE
DECLARATIONS PAGE
(A Stock Insurance Company)

THIS POLICY CONSISTS OF:
   -- DECLARATIONS
   -- COMMON POLICY CONDITIONS
   -- ONE OR MORE COVERAGE PARTS, and
   -- APPLICABLE FORMS AND ENDORSEMENTS

IL-PJ-WIC 0414



Wesco Insurance Company
800 Superior Avenue East, 21st Floor
Cleveland, OH 44114

## COMMERCIAL COMMON POLICY DECLARATIONS SUMMARY PAGE

| **Policy Number** WBP1379424 07 | **Policy Period** | **From:** 5/14/2022 **To:** 5/14/2023 |
| --- | --- | --- |
| | | 12:01 A.M. Standard Time at the Name Insured's Address |

**Transaction**
Renewal

| **Named Insured and Address** | **Producer:** 111501 |
| --- | --- |
| 174 New Dorp Lane Realty Inc | Liuzzo, Inc. dba Apollo Raland Brokerage |
| DBA: Brioso Restaurant | Apollo Raland Brokerage |
| 174 New Dorp Lane | P. O. Box 140245 |
| Staten Island NY 10306 | Brooklyn NY 11214 |
| | **Telephone:** (718) 837-6160 |

| **Business Description** | **Type of Business** | **Auditable** ☐ | **Non-Auditable** ☒ |
| --- | --- | --- | --- |
| Restaurant | Organization Including a Corporation | **Audit Period** | Non-Auditable |

In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy. This policy consists of the following coverage parts for which a premium is indicated. This premium may be subject to adjustment.

| COVERAGE PART DESCRIPTION | PREMIUM |
| --- | --- |
| Umbrella | $1,030.00 |
| Business Owners Policy | $17,938.00 |
| | |
| NY Fire Fee | $116.93 |

| | |
| --- | --- |
| **Policy Premium** | $18,968.00 |
| **Deposit Premium (if applicable)** | $18,968.00 |
| **Taxes and Surcharges** | N/A in NY |
| **Total Deposit Premium** | $19,084.93 |
| (Includes Taxes, Surcharges, and applicable Terrorism Premium) | |

| **FORMS AND ENDORSEMENTS*** |
| --- |
| See Forms and Endorsements Schedule |

***Entry optional if above in common policy declarations schedule**

THESE DECLARATIONS TOGETHER WITH THE COVERAGE DECLARATIONS, COMMON POLICY CONDITIONS, COVERAGE FORM(S) AND FORM(S) AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

4/25/2022
**Date**

**Signature of Authorized Representative**



Wesco Insurance Company
800 Superior Avenue East, 21st Floor
Cleveland, OH 44114

## COMMERCIAL UMBRELLA COVERAGE DECLARATIONS

| | | | |
|---|---|---|---|
| **Policy Number** WBP1379424 07 | **Policy Period** | **From:** 5/14/2022 | **To:** 5/14/2023 |
| | | 12:01 A.M. Standard Time at the Name Insured's Address | |

**Transaction**
Renewal

| **Named Insured and Address** | **Producer:** 111501 |
|---|---|
| 174 New Dorp Lane Realty Inc | Liuzzo, Inc. dba Apollo Raland Brokerage |
| DBA: Brioso Restaurant | Apollo Raland Brokerage |
| 174 New Dorp Lane | P. O. Box 140245 |
| Staten Island NY 10306 | Brooklyn NY 11214 |
| | **Telephone: (718) 837-6160** |

| **Business Description** | **Type of Business** | **Audit Period** |
|---|---|---|
| Restaurant | Organization Including a Corporation | Non-Auditable |

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

### LIMITS OF INSURANCE

| | | |
|---|---|---|
| EACH OCCURRENCE LIMIT | $1,000,000 | |
| POLICY AGGREGATE LIMIT | $1,000,000 | |
| PERSONAL & ADVERTISING INJURY | $1,000,000 | Any one person or organization |
| SELF-INSURED RETENTION | $10,000 | |

| | |
|---|---|
| **Sub-total Premium** | $1,030.00 |
| **Terrorism Premium** | Excluded |
| **STATE TAX OR OTHER (if applicable)** | |
| **TOTAL PREMIUM FOR THIS COVERAGE PART** | $1,030.00 |

**FORMS AND ENDORSEMENTS***

See Forms And Endorsements Schedule

*Entry Optional If shown In common policy declarations.

THESE DECLARATIONS TOGETHER WITH THE COVERAGE DECLARATIONS, COMMON POLICY CONDITIONS, COVERAGE FORM(S) AND FORM(S) AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

| | |
|---|---|
| 4/25/2022 | |
| **Date** | **Signature of Authorized Representative** |



Wesco Insurance Company
800 Superior Avenue East, 21st Floor
Cleveland, OH 44114

## COMMERCIAL UMBRELLA COVERAGE DECLARATION
## SCHEDULE OF UNDERLYING

| Commercial General Liability | ☒ Occurrence | ☐ Claims-Made |
|---|---|---|
| Minimum Applicable Limits | | |
| General Aggregate | $ 2,000,000 | |
| Products-Completed Operations Aggregate | $ 3,000,000 | |
| Personal And Advertising Injury | $ 1,000,000 | |
| Each Occurrence | $ 1,000,000 | |
| ☐ General Aggregate Limit and Each Occurrence Limit each include Hired Auto Liability and Non-Owned Auto Liability | | |

| Commercial Auto Liability | |
|---|---|
| Company: | N/A |
| Policy Number: | N/A |
| Policy Period: | N/A |
| Minimum Applicable Limits | |
| Each Accident | $ 1,000,000 |

 Workers' Compensation Board

# CERTIFICATE OF INSURANCE COVERAGE
## DISABILITY AND PAID FAMILY LEAVE BENEFITS LAW

**PART 1. To be completed by Disability and Paid Family Leave Benefits Carrier or Licensed Insurance Agent of that Carrier**

1a. Legal Name & Address of Insured (use street address only)
RAP INC DBA BRIOSO RESTAURANT

174 NEW DORP LANE
STATEN ISLAND, NY 10306

Work Location of Insured *(Only required if coverage is specifically limited to certain locations in New York State, i.e., Wrap-Up Policy)*

1b. Business Telephone Number of Insured
718-667-1700

1c. Federal Employer Identification Number of Insured or Social Security Number
133983357

2. Name and Address of Entity Requesting Proof of Coverage
(Entity Being Listed as the Certificate Holder)

THE NEW YORK CITY DEPARTMENT

OF HEALTH & MENTAL HYGIENE

125 WORTH STREET

NEW YORK, NY 10013

3a. Name of Insurance Carrier
**ShelterPoint Life Insurance Company**

3b. Policy Number of Entity Listed in Box "1a"
DBL225433

3c. Policy effective period
11/09/2021    to    11/08/2022

4. Policy provides the following benefits:
- [x] A. Both disability and paid family leave benefits.
- [ ] B. Disability benefits only.
- [ ] C. Paid family leave benefits only.

5. Policy covers:
- [x] A. All of the employer's employees eligible under the NYS Disability and Paid Family Leave Benefits Law.
- [ ] B. Only the following class or classes of employer's employees:

Under penalty of perjury, I certify that I am an authorized representative or licensed agent of the insurance carrier referenced above and that the named insured has NYS Disability and/or Paid Family Leave Benefits insurance coverage as described above.

Date Signed    11/9/2021    By _____
(Signature of insurance carrier's authorized representative or NYS Licensed Insurance Agent of that insurance carrier)

Telephone Number    516-829-8100    Name and Title    Richard White, Chief Executive Officer

IMPORTANT:    If Boxes 4A and 5A are checked, and this form is signed by the insurance carrier's authorized representative or NYS Licensed Insurance Agent of that carrier, this certificate is COMPLETE. Mail it directly to the certificate holder.

If Box 4B, 4C or 5B is checked, this certificate is NOT COMPLETE for purposes of Section 220, Subd. 8 of the NYS Disability and Paid Family Leave Benefits Law. It must be mailed for completion to the Workers' Compensation Board, Plans Acceptance Unit, PO Box 5200, Binghamton, NY 13902-5200.

**PART 2. To be completed by the NYS Workers' Compensation Board** (Only if Box 4C or 5B of Part 1 has been checked)

## State of New York
## Workers' Compensation Board

According to information maintained by the NYS Workers' Compensation Board, the above-named employer has complied with the NYS Disability and Paid Family Leave Benefits Law with respect to all of his/her employees.

Date Signed _____    By _____
(Signature of Authorized NYS Workers' Compensation Board Employee)

Telephone Number _____    Name and Title _____

*Please Note: Only insurance carriers licensed to write NYS disability and paid family leave benefits insurance policies and NYS licensed insurance agents of those insurance carriers are authorized to issue Form DB-120.1. Insurance brokers are NOT authorized to issue this form.*

DB-120.1 (10-17)


DB-120.1 (10-17)



**CERTIFICATE OF**
**NYS WORKERS' COMPENSATION INSURANCE COVERAGE**

## Insured Detail

| 1a. Legal Name and address of Insured (Use street address only)<br><br>Rapi Inc.<br>174 New Dorp Ln<br>Staten Island, NY 10306-3006<br><br>**DBA:** T/A Brioso<br><br><br><br>Work Location of Insured *(Only required if coverage is specifically limited to certain location in New York State, i.e. a Wrap-Up Policy)* | 1b. Business Telephone Number of Insured<br>   718-667-1700<br><br>1c. NYS Unemployment Insurance Employer<br>   Registration Number of Insured<br><br>1d. Federal Employer Identification Number of Insured<br>   or Social Security Number<br>   133983357 |
|---|---|
| **2. Name and Address of the Entity Requesting Proof of Coverage**<br>   **(Entity Being Listed as the Certificate Holder)**<br>   The New York City Department of Health & Mental Hygiene<br>   125 Worth Street<br>   New York, NY 10013 | 3a. Name of Insurance Carrier<br>   Technology Insurance Company, Inc.<br><br>3b. Policy Number of entity listed in box "1a":<br>   TWC4006794<br><br>3c. Policy effective period:<br>   9/2/2021 to 9/2/2022<br><br>3d. The Proprietor, Partners or Executive Officers are:<br><br>      included (Only check box if all partners/officers included)<br><br>   ☒ all excluded or certain partners/officers excluded |

This certifies that the insurance carrier indicated above in box "3" insures the business referenced above in box "1a" for workers' compensation under the New York State Workers' Compensation Law. (To use this form, New York (NY) must be listed under Item 3A on the INFORMATION PAGE of the workers' compensation insurance policy). The Insurance Carrier or its licensed agent will send this Certificate of Insurance to the entity listed above as the certificate holder in box "2".

*The insurance carrier must notify the above certificate holder and the Workers' Compensation Board within 10 days IF a policy is canceled due to nonpayment of premiums or within 30 days IF there are reasons other than nonpayment of premiums that cancel the policy or eliminate the insured from the coverage indicated on this Certificate. (These notices may be sent by regular mail.) Otherwise, this Certificate is valid for one year after this form is approved by the insurance carrier or its licensed agent, or until the policy expiration date listed in box "3c", whichever is earlier.*

This certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policy listed, nor does it confer any rights or responsibilities beyond those contained in the referenced policy.

This certificate may be used as evidence of a Workers' Compensation contract of insurance only while the underlying policy is in effect.

Please Note: Upon cancellation of the workers' compensation policy indicated on this form, if the business continues to be named on a permit, license or contract issued by a certificate holder, the business must provide that certificate holder with a new Certificate of Workers' Compensation Coverage or other authorized proof that the business is complying with the mandatory coverage requirements of the New York State Workers' Compensation Law.

Under penalty of perjury, I certify that I am an authorized representative or licensed agent of the insurance carrier referenced above and that the named insured has the coverage as depicted on this form.

Approved By:   Matt Zender
                        (Print name of authorized representative or licensed agent of insurance carrier)


Approved By: _____   11/9/2021
                        (Signature)                                                          (Date)
         Title:   SVP, Workers Comp Production Management
Telephone Number of authorized representative or licensed agent of insurance carrier: CarrierPhone

*Please Note: Only insurance carriers and their licensed agents are authorized to issue the C-105.2 form. Insurance brokers are NOT authorized to issue it.*

C-105.2 (9-17)

## Workers' Compensation Law

**Section 57. Restriction on issue of permits and the entering contracts unless compensation is secured.**

1. The head of a state or municipal department, board, commission or office authorized or required by law to issue any permit for or in connection with any work involving the employment of employees in a hazardous employment defined by this chapter, and notwithstanding any general or special statute requiring or authorizing the issue of such permits, shall not issue such permit unless proof duly subscribed by an insurance carrier is produced in a form satisfactory to the chair, that compensation for all employees has been secured as provided by this chapter. Nothing herein, however, shall be construed as creating any liability on the part of such state or municipal department, board, commission or office to pay any compensation to any such employee if so employed.

2. The head of a state or municipal department, board, commission or office authorized or required by law to enter into any contract for or in connection with any work involving the employment of employees in a hazardous employment defined by this chapter, notwithstanding any general or special statute requiring or authorizing any such contract, shall not enter into any such contract unless proof duly subscribed by an insurance carrier is produced in a form satisfactory to the chair, that compensation for all employees has been secured as provided by this chapter.

C-105.2 (9-17) REVERSE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                              Chapter 11

RAPI, INC. d/b/a BRIOSO RISTORANTE,                       Case No.

                                           Debtor.
------------------------------------------------------------x

## CORPORATE RESOLUTION OF RAPI, INC.

WHEREAS, at a special meeting of the Shareholders and Directors of RAPI, Inc. (the "Company") held on May 31, 2022, and after motion duly made and carried, it was:

**RESOLVED**, that the Company is authorized to file for relief under the provisions of Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of New York; and it is further

**RESOLVED**, that Pietro DiMaggio is hereby authorized, directed and empowered to execute and deliver, on behalf of the Company, the bankruptcy petition and all documents and other instruments that may be required in connection with the Company's bankruptcy proceedings, and perform all such other acts and things, on behalf of the Company, as may be required in connection with the Chapter 11 proceeding; and it is further

**RESOLVED**, that the Company is authorized to retain the firm of Goldberg Weprin Finkel Goldstein LLC as its bankruptcy counsel.

Dated: New York, NY
            June 14, 2022

                                           RAPI, Inc.

                        By:    _____
                                  Name: Pietro DiMaggio


                        By:    _____
                                  Name: Raffaele DiMaggio

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                          Chapter 11

RAPI, INC. d/b/a BRIOSO RISTORANTE,                             Case No.

                                        Debtor.
-------------------------------------------------------------x

## CORPORATE RESOLUTION OF RAPI, INC.

WHEREAS, at a special meeting of the Shareholders and Directors of RAPI, Inc. (the "Company") held on May 31, 2022, and after motion duly made and carried, it was:

**RESOLVED**, that the Company is authorized to file for relief under the provisions of Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of New York; and it is further

**RESOLVED**, that Pietro DiMaggio is hereby authorized, directed and empowered to execute and deliver, on behalf of the Company, the bankruptcy petition and all documents and other instruments that may be required in connection with the Company's bankruptcy proceedings, and perform all such other acts and things, on behalf of the Company, as may be required in connection with the Chapter 11 proceeding; and it is further

**RESOLVED**, that the Company is authorized to retain the firm of Goldberg Weprin Finkel Goldstein LLC as its bankruptcy counsel.

Dated: New York, NY
       June 14, 2022

                                        RAPI, Inc.


                                By:     _____
                                        Name: Pietro DiMaggio

                                By:     _____
                                        Name: Raffaele DiMaggio

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                            Chapter 11

RAPI, INC. d/b/a BRIOSO RISTORANTE,               Case No.

                              Debtor.
-------------------------------------------------------------x

### LIST OF EQUITY HOLDERS

Pietro DiMaggio 50% Shareholder
Raffaele DiMaggio 50% Shareholder


Dated: New York, NY
        June 14, 2022

                        RAPI, INC.


                By: _____
                        Name: Pietro DiMaggio
                        Title:  Vice President

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                  Chapter 11

RAPI, INC. d/b/a BRIOSO RISTORANTE,                    Case No.

                                              Debtor.
------------------------------------------------------------x

## RULE 7.1 CORPORATE OWNERSHIP STATEMENT

      Pursuant to Federal Rule of Civil Procedure 7.1, RAPI, Inc, certifies that it is a

private non-governmental party, and has no corporate parent, affiliates and/or subsidiaries which

are publicly held.


Dated: New York, NY
      June 14, 2022

                         RAPI, INC.

                         By:    _____
                              Name: Pietro DiMaggio
                              Title:   Vice President

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                              Chapter 11

RAPI, INC. d/b/a BRIOSO RISTORANTE,                 Case No.

                                     Debtor.
-------------------------------------------------------------x

## LIST OF PENDING LAWSUITS

1.    Title:  Marcelino Zapoteco, et al. v. RAPI, Inc. d/b/a Brioso Ristorante, et al.

      Court:  United State District Court Eastern District of New York
              Case No. 1:20-cv-06335

      Nature of Suit:  FLSA Complaint

      Attorney for the Plaintiff:      Gladstein, Reif & Meginniss LLP
                                       39 Broadway, Suite 2430
                                       New York, NY 10006
                                       (212) 228-7727

                                       Make the Road New York
                                       92-10 Roosevelt Avenue
                                       Jackson Heights, NY 11372
                                       (718) 565-8500 x4425

Dated: New York, NY
       June 14, 2022

                              RAPI, INC.

                              By: _____
                                   Name: Pietro DiMaggio
                                   Title:   Vice President